UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST GORDON, III,

        Petitioner,        Case No. 1:09-cv-521

v.        Honorable Paul L. Maloney

CAROL HOWES,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.  Factual allegations

Petitioner's conviction arose from the shooting death of Ean French, who died in his home from twelve gunshot wounds from two different caliber weapons during the late night hours of February 3, 2003. Following a consolidated trial in the Kent County Circuit Court, co-defendant Corey Demarion McCullough was convicted of second-degree murder and possession of a firearm during the commission of a felony. With regard to Petitioner, the jury failed to reach a verdict and the trial court ordered a mistrial. After retrial, Petitioner was convicted of second-degree murder. On November 8, 2004, the trial court sentenced him as a third habitual offender to imprisonment of sixty to ninety-nine years.

Petitioner appealed as of right in the Michigan Court of Appeals. Among his claims, Petitioner asserted that the trial court improperly permitted a juror to withdraw from the jury during deliberations because she was no longer willing to serve. In a lengthy unpublished opinion issued on August 12, 2008, a majority of the panel affirmed Petitioner's conviction. *See People v. Gordon*, No. 2617234 (Mich. Ct. App. Aug. 12, 2008). However, Judge White dissented from the majority's conclusion that the trial court did not err in permitting the juror to withdraw from the jury without determining whether she could deliberate further. Judge White would have reversed and remanded for a new trial. The Michigan Supreme Court denied Petitioner's application for leave to appeal on April 8, 2009, although Justices Kelly and Cavanagh would have granted leave to appeal. *See People v. Gordon*, 763 N.W.2d 286 (Mich. 2009).

Petitioner now raises the following ten grounds for habeas corpus relief:

I.  WHETHER THE PROSECUTOR'S RACE-NEUTRAL REASONS FOR DISMISSING MINORITY (I.E., AFRICAN-AMERICANS [SIC] AND

        HISPANIC JURORS) WERE INSUFFICIENT TO AVOID A FINDING OF PURPOSEFUL DISCRIMINATING [SIC] IN THE EXERCISE OF PEREMPTORY CHALLENGES AND WHETHER THE TRIAL COURT'S FINDING THAT THE REASONS WERE ADEQUATE WAS CLEARLY ERRONEOUS AND THE COURT'S REJECTION OF THE DEFENSE CLAIM WAS AN ABUSE OF DISCRETION.

        A.    WHETHER THE PROSECUTOR VIOLATED DEFENDANT GORDON'S RIGHT TO REMAIN SILENT AND FAIR TRIAL BY ADMITTING EVIDENCE OF DEFENDANT'S EXERCISE OF HIS RIGHT TO REMAIN SILENT AND REQUEST FOR COUNSEL.

        B.    WHETHER DEFENDANT'S STATE AND FEDERAL CONSTITUTIONAL DUE PROCESS RIGHTS TO A FAIR TRIAL WERE VIOLATED DURING CLOSING ARGUMENTS [WHEN] THE PROSECUTOR MADE SEVERAL INTENTIONAL AND PREJUDICIAL REMARKS BEFORE THE JURY THAT REQUIRE A NEW TRIAL.

II.    WHETHER THE TRIAL COURT'S ALLOWANCE OF EVIDENCE OF ANOTHER UNCHARGED 1999 ROBBERY WHERE THE VICTIM EXPRESSLY IDENTIFIED DEFENDANT AS NOT BEING THE PERSON WHO ROBBED HIM WAS AN ABUSE OF DISCRETION AND DENIED DEFENDANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO A FAIR TRIAL.

        A.    WHETHER THE TRIAL COURT'S COMMENT TO THE JURY THAT THE CO-DEFENDANT McCULLOUGH HAD NOT [B]EEN SENTENCED YET INCREASED THE PREJUDICE TO THE DEFENDANT'S RIGHT TO A FAIR TRIAL.

III.    WHETHER THE TRIAL COURT DEPRIVED DEFENDANT OF HIS DUE PROCESS AND EQUAL PROTECTION WHEN IT ADMITTED, OVER OBJECTION, HIGHLY PREJUDICIAL DEMONSTRATIVE EVIDENCE WITHOUT PROPER FOUNDATION.

IV.    WHETHER THE TRIAL COURT VIOLATED DEFENDANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHT TO DUE PROCESS AND A FAIR TRIAL WHEN THE COURT GAVE AN ERRONEOUS AND MISLEADING MODIFIED ACCOMPLICE INSTRUCTION OVER COUNSEL'S OBJECTION.

        A.    WHETHER DEFENDANT WAS DENIED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHT TO A FAIR TRIAL WHEN THE PROSECUTOR['S] WITNESS ASSERTED HER

        FIFTH AMENDMENT PRIVILEGE AND CONTINUED TO TESTIFY WITHOUT THE COURT HOLDING A HEARING OUTSIDE THE PRESENCE OF THE JURY.

    B.    WHETHER THE TRIAL COURT'S FAILURE TO GIVE A SUA SPONTE INSTRUCTION ON CONSPIRACY ABSENT A REQUEST WHEN THERE WAS EVIDENCE TO SUPPORT IT DENIED DEFENDANT HIS RIGHT TO A PROPERLY INSTRUCTED JURY[,] BALANCED PRESENTATION OF THE EVIDENCE AND A FAIR TRIAL.

V.    WHETHER THE TRIAL COURT'S REPLACEMENT OF AN ABSENT JUROR, THE APPARENT HOLDOUT IN A DEADLOCKED JURY, WITH ALTERNATIVE AN [SIC] JUROR, WAS AN ABUSE OF DISCRETION WHICH DENIED MR. GORDON OF HIS SIXTH AMENDMENT RIGHT TO HAVE [A] JURY DECIDE HIS FATE.

VI.    WHETHER THE PROSECUTOR'S EVIDENCE WAS INSUFFICIENT TO PROVE BEYOND A REASONABLE DOUBT THAT MR. GORDON COMMITTED OR AIDED AND ABETTED THE MURDER OR EVEN KNEW THAT JOHNIGAN, THE MURDERER, WAS ARMED AT THE TIME OF THE DRUG DEAL AND THE RESULTING CONVICTION IS VIOLATIVE OF MR. GORDON'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS.

VII.    WHETHER DEFENDANT IS ENTITLED TO REVERSAL WHERE THE JURY'S VERDICT TO SECOND DEGREE MURDER WAS MORE LIKELY THAN NOT BASED ON THE PROSECUTOR'S INITIAL CHARGE OF CONSPIRACY AND A VERDICT OF CONSPIRACY TO COMMIT SECOND DEGREE MURDER IS A NON-EXISTENT OFFENSE IN MICHIGAN.

VIII.    WHETHER THE CUMULATIVE AFFECT [SIC] OF TRIAL ERRORS REVERSIBLY PREJUDICE[D] DEFENDANT AND DENIED HIS FIFTH, SIXTH AND FOURTEENTH AMENDMENT DUE PROCESS RIGHT TO A FAIR TRIAL.

IX.    WHETHER DEFENDANT IS ENTITLED TO RESENTENCING WHERE THE TRIAL COURT DISREGARDED THE LAW AND SENTENCED DEFENDANT OUTSIDE THE MANDATORY LEGISLATIVE GUIDELINES UNDER OV 6 BASED ON THE HIGHER OFFENSE FOR WHICH THE JURY ACQUITTED.

>    X.   WHETHER DEFENDANT WAS DENIED HIS STATE AND FEDERAL SIXTH AMENDMENT DUE PROCESS RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL.

(Pet., Attach. C, 1-3, docket #1-4.)

>    II.   <u>Exhaustion of State Court Remedies</u>

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges that he raised the same ten claims raised in his habeas petition in both the Michigan Court of Appeals and the Michigan Supreme Court. Petitioner provided a copy of his brief in the Michigan Supreme Court which shows that he presented the same ten claims raised in his habeas petition. Petitioner did not provide a copy of his brief in the Michigan Court

of Appeals.  The court of appeals addressed only four claims of error in its opinion.  The court addressed each of his four claims in a separate subsection with a heading.  In Part III(A) of it's opinion, the court of appeals addressed Petitioner's first ground for habeas corpus relief regarding the prosecutor's peremptory challenges.  However, the court did not address the claims of prosecutorial misconduct set forth in subsections (A) and (B) of Petitioner's first ground for habeas corpus relief.  Part III(B) of the court of appeals opinion discussed Petitioner's second ground for habeas corpus relief concerning the admission of Brandon O'Connor's testimony regarding an uncharged 1999 robbery.  Again, the court's opinion did not mention the claim raised by Petitioner in subsection (A) of Ground II.  In Part III(C), the court of appeals addressed sufficiency of the evidence, which corresponds with Petitioner's sixth ground for habeas corpus relief.  Finally, in Part III(D) of their opinion, the court of appeals discussed the issue of the replaced juror, which corresponds with Petitioner's fifth ground for habeas corpus relief.

According to the Michigan Court of Appeals docket sheet, Petitioner's appellate counsel filed a brief on December 27, 2005.  On June 29, 2006, Petitioner moved for an extension of time to file a "Standard 4 brief" or *pro se* supplemental brief, along with the proposed brief.  It appears that the four claims referenced in the Michigan Court of Appeals opinion were raised in appellate counsel's brief, while Petitioner's remaining grounds for habeas corpus relief were contained in Petitioner's Standard 4 brief.  On July 13, 2006, the Michigan Court of Appeals denied Petitioner's motion for extension of time because he failed to demonstrate good cause for the delay. The court further ordered that the brief filed June 29, 2006, be returned to Petitioner with the court's order.  Accordingly, the Michigan Court of Appeals rejected Petitioner's supplemental brief as untimely.  Because the brief was rejected by the court of appeals, the claims contained therein were

not considered by the court on appeal. Petitioner, therefore, failed to fairly present those claims in the Michigan Court of Appeals.

While Petitioner presented all ten of his claims in the Michigan Supreme Court, presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit holds that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL 1282436, at *2 (6th Cir. Dec. 27, 1999); *Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *accord Parkhurst v. Shillinger*, 128 F.3d 1366, 1368-70 (10th Cir. 1997); *Ellman v. Davis*, 42 F.3d 144, 148 (2d Cir. 1994); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669 (7th Cir. 1990); *but see Ashbaugh v. Gundy*, 244 F. App'x 715, 717 (6th Cir. 2007) (declining to reach question of whether a claim raised for the first time in an application for leave to appeal to the Michigan Supreme Court is exhausted). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied, and, thus, the issue was not reviewed. Consequently, Petitioner properly exhausted only those four habeas claims that were raised in appellate counsel's brief and subsequently addressed by the Michigan Court of Appeals, which are Grounds I (without sub-sections), II (without sub-sections), V and VI.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner

has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that Petitioner may present his unexhausted claims in a motion for relief from judgment.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and

Michigan Supreme Court. The Michigan Supreme Court denied his application on April 8, 2009. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expires on July 7, 2009. Accordingly, absent tolling, Petitioner would have one year, until July 7, 2010, in which to file his habeas petition.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*).[1] Petitioner has more than a year remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is in no danger of running afoul of the statute of limitations. Therefore a stay of these proceedings is not warranted. Should Plaintiff decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

---

[1] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds,

a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate.  *Id.*  The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  Therefore, the Court denies Petitioner a certificate of appealability.

       A Judgment consistent with this Opinion will be entered.


Dated:   June 30, 2009                             /s/ Paul L. Maloney
                                                                Paul L. Maloney
                                                                Chief United States District Judge