UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST GORDON, III,

        Petitioner,        Case No. 1:09-cv-521

v.        Honorable Paul L. Maloney

CAROL HOWES,

        Respondent.
_____/

## ORDER

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. On June 30, 2009, the Court dismissed the petition without prejudice because Petitioner failed to exhaust his state court remedies. This matter now is before the Court upon Petitioner's motion for relief from judgment (docket #5).

A motion for relief from judgment brought under FED. R. CIV. P. 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, mis-representation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. When none of the first five enumerated examples of Rule 60(b) apply, relief may only be available when exceptional or extraordinary circumstances are present. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998).

On August 31, 2009, two months after the Court dismissed the petition for lack of exhaustion, Petitioner filed a motion for relief from judgment in the Kent County Circuit Court raising eleven claims of error. The circuit court denied his motion on November 18, 2009. The

Michigan Court of Appeals and the Michigan Supreme Court denied his applications for leave to appeal on March 17, 2010 and July 26, 2010, respectively. Petitioner filed the instant motion on or about September 9, 2010, seeking to reopen his case for consideration of his eleven exhausted claims as well as two new claims. Petitioner's motion was accompanied by a proposed amended petition and supporting exhibits. While it appears that Petitioner did not raise the two new claims in the state courts, Petitioner no longer has an available state-court remedy because only one motion for relief from judgment may be filed with regard to a conviction. *See* MICH. CT. R. 6.502(G)(1). As Petitioner is without an available state-court remedy, the exhaustion requirement is satisfied. *See* 28 U.S.C. § 2254(c); *see also Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).[1]

Because the exhaustion requirement is satisfied and Petitioner filed his motion for relief from judgment within the one-year limitations period,[2] the Court will grant Petitioner's motion for relief from judgment on the ground of excusable neglect and reopen his case for further proceedings. The Clerk of the Court will be directed to accept Petitioner's proposed amended petition and exhibits for filing. However, Petitioner will be required to file a second amended petition on the form provided by this Court. *See* Rule 2(d), RULES GOVERNING § 2254 CASES; W.D. Mich. LCivR 5.6(a). Petitioner used a form provided by the Eastern District of Michigan which differs significantly from the form used by this Court. The second amended petition must include all of Petitioner's claims, including the two new claims, and each claim must include a brief statement of supporting facts. *See* Rule 2(c), RULES GOVERNING § 2254 CASES. If Petitioner wishes

---

[1] However, Petitioner's new claims are procedurally defaulted and the federal court must determine on plenary review whether cause and prejudice exists to excuse the failure to present the claim in state court. *Rust*, 17 F.3d at 160.

[2] In its previous opinion in this case, the Court calculated that the one-year statute of limitations began to run on July 7, 2009. The statute of limitations was tolled when Petitioner filed his motion for relief from judgment on August 31, 2009. *See* 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167 (2001). At the time he filed his motion, Petitioner had 310 remaining in the limitations period. His motion remained pending for purposes of the tolling provision until the Michigan Supreme Court issued its decision on July 26, 2010. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). Petitioner had 310 days from the Supreme Court's decision, until June 1, 2011, to file his habeas petition.

to proceed with his action, he must carefully fill out the form and submit it to the Court. The Court directs the Clerk to send to Petitioner a copy of the form petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. Petitioner shall submit a second amended petition by filing his habeas petition on the requisite form within 28 days from the date of entry of this order. The case number shown above must appear on the front page of the second amended petition. Petitioner must file an original and one complete copy of the second amended petition. Petitioner need not re-submit the exhibits filed with the amended petition. If Petitioner fails to submit a second amended petition in proper form within the time allowed, the petition may be dismissed without prejudice by the district judge. Therefore:

IT IS ORDERED that Petitioner's motion for relief from judgment (docket #5) is GRANTED and the above-caption action is REOPENED for further proceedings.

IT IS FURTHER ORDERED that the Clerk of the Court shall accept Petitioner's proposed amended petition and exhibits for filing.

IT IS FURTHER ORDERED that Petitioner shall file a second amended petition on the form provided by this Court. The Court directs the Clerk to send to Petitioner a copy of the form petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. Petitioner shall submit a second amended petition by filing his habeas petition on the requisite form within 28 days from the date of entry of this order. Petitioner's failure to submit a second amended petition in proper form within the time allowed may result in dismissal of this action without prejudice.

Dated: September 23, 2010         /s/ Paul L. Maloney
                                                      Paul L. Maloney
                                                       Chief United States District Judge